Stephanie VENCEL, Plaintiff,

v.

BUG–O–NAY–GE–SHIG and Bureau of Indian Affairs, Defendants.

No. CIV.02–3607 MJD/RLE.

United States District Court, D. Minnesota.

May 16, 2003.

Dorothy J. Buhr, Edwin L. Sisam, Edina, MN, Stephen M. Thompson, Sisam & Watje, P.A. Crystal, MN, for and on behalf of Plaintiff.

Frank Bibeau, Joseph Plummer, Leech Lake Band of Ojibwe, Crystal, MN, for and on behalf of Defendant Bug–O–Nay–Ge–Shig.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Defendant Bug O Nay Ge Shig School's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the underlying Complaint, Plaintiff sued the Bug O Nay Ge Shig school and the Bureau of Indian Affairs, under Title VII of the 1964 Civil Rights Act and under the Minnesota Human Rights Act. Defendant Bug O Nay Ge Shig asserts that this Court lacks subject matter jurisdiction, and that instead it properly belongs in the Tribal Court of the Leech Lake Band of Ojibwe.

## II. BACKGROUND

### A. Plaintiff's Employment With Bug O Nay Ge Shig

Stephanie Vencel ("Vencel") was first employed by the Bug O Nay Ge Shig school in December 1994 as a substitute teacher. She was subsequently hired as a full time special education teacher. Vencel asserts that she had a contract to continue teaching at Bug O Nay Ge Shig for four years after she got her degree.

Vencel asserts that the superintendent made advances towards her, and that she rebuffed them. Subsequently, the superintendent retaliated against her, by "picking on her, hollering at her, falsely accusing her, and soliciting false complaints against her." Vencel complained to the School Board.

Both Vencel and the superintendent were investigated, and the School Board suspended Vencel on March 15, 2002, maintaining that she was out to get the superintendent and was psychologically unfit to continue teaching until she could demonstrate her mental stability. Vencel claims that despite a favorable mental health report, Defendants failed to renew her contract.

### B. The Operation of Bug O Nay Ge Shig

Bug O Nay Ge Shig asserts that the school is an entity entirely owned by the Leech Lake Band of Ojibwe ("the Band"), which is a federally recognized Indian tribe governed by its elected Tribal Council. Defendant asserts that the Bureau of Indian Affairs ("BIA") does not operate the school, nor does the BIA direct any of the school's operations.

The school receives a portion of its funding from the BIA, pursuant to treaty obligations of the United States government. The Tribal Council has delegated the au-

thority to operate the Bug O Nay Ge Shig School to the Bug O Nay Ge Shig School Board. The Band has established the Tribal Court of the Leech Lake Band of Ojibwe ("Tribal Court"), which has jurisdiction over civil disputes arising on the Leech Lake Reservation ("the Reservation"). The school is located on land entirely within the Reservation border and owned by the Band.

Vencel asserts that the school is not owned and operated by the Band, but is rather a state and federally funded contract school operated by the BIA under the direction of the Office of Indian Education Programs ("OIEP"). Vencel points to the school's web site home page, which on February 18, 2003, stated that "[i]t is operated by the [BIA] and governed by the Bug O Nay Ge Shig School board." Vencel also points to various documents and correspondence in an effort to show that the school is operated by the BIA. The OIEP maintains a list of its schools and lists the Bug O Nay Ge Shig School as one of its schools, operating under the Minneapolis Education Line Office. *See* http://www.oiep.bia.edu/contactlineoffice. html.

The Bug O Nay Ge Shig School responds that Leech Lake Reservation Tribal Council Ordinance 98–01, which established the school board, makes no reference to the BIA as an authority. Furthermore, the school asserts that the web page was wrong in stating that the school is operated by the BIA. In fact the web page does not currently contain such a statement, and instead states that the school "is operated by the Leech Lake Band of Ojibwe and governed by the Bug O Nay Ge Shig School board." http://www.bugschool.bia.edu/. In addition, the BIA filed an Answer asserting that it "is not a proper party defendant" in this matter. The BIA also asserts that the school is not operated by the BIA, but

instead is governed by the Bug O Ne Gay Shig School Board.

## III. DISCUSSION

### A. Legal Standard

██ It is axiomatic that federal courts lack plenary jurisdiction. *See Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir.1998). "The inferior federal courts may only exercise jurisdiction where Congress sees fit to allow it." *See Southwestern Bell*, 225 F.3d at 945. The burden of establishing jurisdiction rests with the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). No presumptive truthfulness attaches to the plaintiff's allegations, and a district court can evaluate for itself the jurisdictional claim. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir.2000).

### B. Defendant's Motion to Dismiss

██ The Court finds that the record in this matter clearly demonstrates that the Bug O Nay Ge Shig School is operated by the Band and under the direction of the Bug O Nay Ge Shig School Board. Accordingly, the Court also finds that the School is not under the operation or direction of the BIA. Thus, federal law precludes the exercise of subject matter jurisdiction by this Court in this matter, because such an exercise of jurisdiction would infringe on tribal sovereignty. *See Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). This case arises out of events occurring entirely in Indian Country, and Congress has not expressly limited the jurisdiction of the Tribal Court. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987). Thus, jurisdiction over the matter presumptively lies in the

Tribal Court. *See id.* at 18, 107 S.Ct. 971.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant Bug O Nay Ge Shig's Motion to Dismiss is **GRANTED.**